# Exhibit A



DANIEL ZEMEL, ESQ.
400 SYLVAN AVE
SUITE 200
ENGLEWOOD CLIFFS, NEW JERSEY
07632
PHONE:   (862) 227-3106
FAX:        (973) 282-8603
DZ@ZEMELLAWLLC.COM

April 15th, 2025

**LIFE LINE BILLING SYSTEMS, LLC
d/b/a LIFEQUEST SERVICES,**
C/O Corporation Service Company
2595 Interstate Dr #103,
Harrisburg, PA 17110

**RE: Erik Feist v. LIFE LINE BILLING SYSTEMS, LLC d/b/a
LIFEQUEST SERVICES,**

**CASE NO. #2025-01900-TT**

Enclosed Please find the Notice to Defend and Complaint for the above referenced matter.

Sincerely,

Daniel Zemel, Esq.

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYLVANIA

| | |
|---|---|
| ERIK FEIST, individually, and on behalf of all other similarly situated consumers,<br>vs.<br>**LIFE LINE BILLING SYSTEMS, LLC d/b/a LIFEQUEST SERVICES,** | No. CI- 2025-01900-TT |

# NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral and Information Service

Cheseter County Bar Association

15 West Gay Street

West Chester, PA 19380

(610) 429-1500



Daniel Zemel, Esq. ID# 330086
400 Sylvan Ave.
Suite 200
Englewood Cliffs, New Jersey 07632
Tel: (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| ERIK FEIST, individually, and on behalf of all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> LIFE LINE BILLING SYSTEMS, LLC d/b/a LIFEQUEST SERVICES, <br><br> Defendants. | Case No.: <br><br> CLASS ACTION COMPLAINT |

Plaintiff alleges:

### INTRODUCTION

1. Plaintiff, Erik Feist, brings this action against Defendant, Life Line Billing Systems, LLC d/b/a LifeQuest Services ("Life Line"), for using false, deceptive, and misleading representations in connection with the collection of a debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURSIDICTION AND VENUE

2. Plaintiff is a Pennsylvania resident, and the cause of action arose in Pennsylvania. As such, this Court has jurisdiction and venue over this action pursuant to Pa. R.C.P. Nos. 1006 and 2179.

*2025-01900-TT*

## PARTIES

3. Plaintiff is a natural person who at all relevant times has resided in Downingtown, Pennsylvania, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

4. Life Line is a corporation doing business in Pennsylvania and operating from an address at N2930 States Road 22, Wautoma, Wisconsin 54982. Life Line is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL ALLEGATIONS

5. On a date better known to Defendant, Plaintiff Feist allegedly incurred a consumer bill with Minquas Fire Company.

6. On a date better known by Defendant, Minquas sent the debt to Life Line ("Defendant"), a third party collection agency, to collect.

7. On April 15, 2024, Defendant sent Plaintiff a collection letter in an attempt to collect the debt.

8. The letter states, "Per our conversation, you've agreed to payment(s) of $2,191.33 by 04/26/2024. If a recurring arrangement was made with our office, you will be notified 3-10 days prior to your next payment."

9. After reading the statement, Plaintiff gathered his checkbook to make payment. Before mailing a check, he discussed it with his wife, who said no such agreement was made.

10. This statement was, in fact, false. Plaintiff never had a conversation with Defendant, and certainly never agreed to make any payment.

11. Upon information and belief, Defendant utilizes this trick to create a false sense of urgency and obligation to pay.

## CLASS ACTION ALLEGATIONS
### The Class

12. Plaintiff brings this as a class action on behalf of herself and all others similarly situated who have received similar debt collection letters from Defendant, which, as alleged herein, are in violation of the FDCPA.

13. Plaintiff seeks certification of the following class, initially defined as follows:

**All consumers residing within the United States that were sent a letter from Defendant which contained the same language concerning debts used primarily for personal, household, or family purposes, within one year prior to the filing of this Complaint.**

14. Excluded from the Class is Defendant, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

15. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues, or modify the class definition as to the geographical location or original creditor.

### Numerosity

16. Upon information and belief, Defendant has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

17. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

3

2025-01900-TT

### Common Questions of Law and Fact

18. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated the provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

19. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

20. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

21. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

2025-01900-TT

22. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

23. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

24. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

25. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27. Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

28. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

30. Defendant has engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, e(2), e(10) and 1692f.

WHEREFORE, Plaintiff, Erik Feist, respectfully requests judgment from Plaintiff for statutory and actual damages, in addition to attorney's fees and costs.

## JURY TRIAL DEMAND

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

Dated this 10th day of March, 2025

Respectfully Submitted,

*/s/ Daniel Zemel*
Daniel Zemel, Esq.
**Zemel Law LLC**
400 Sylvan Ave.
Suite 200
Englewood Cliffs, New Jersey 07632
(P) (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff